BENJAMIN R. LEVINSON-SBN 116675
LAW OFFICE OF BENJAMIN R. LEVINSON
A Professional Corporation
46 N. Second Street, Suite A
Campbell, California 95008
Telephone: (408) 866-2999
Facsimile: (408) 866-2992

Attorney for Secured Creditor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA
(San Jose Division)

| | |
|---|---|
| In re: | Case No. 08-56664-MM |
| | Chapter 11 |
| SZE-YAU DEREK YIU, | |
| | RS No. BRL-157 |
| | DECLARATION OF STEVE LOPES IN SUPPORT OF MOTION FOR ORDER TERMINATING AUTOMATIC STAY OR REQUIRING ADEQUATE PROTECTION |
| Debtor. | DATE: January 7, 2009 |
| | TIME: 2:00 p.m. |
| _____/ | DEPT: 3070 |

I, STEVE LOPES, declare:

1. I have personal knowledge of the facts stated herein and could and would testify to them if called upon to do so.

2. Liberty First Financial ("Liberty") is the duly authorized and acting servicing agent on behalf of a certain loan held by Vonza Thompson, Sinsley Construction, Inc., a California Corporation; Trust Company of America, FBO Walter A. Steele #77085; Raymond D. Sinsley and/or Verna Jean Sinsley, as Trustees or their Successors of the Sinsley 1980 Revocable Trust dated June 6, 1980, as

---
1
DECLARATION OF STEVE LOPES IN SUPPORT OF MOTION FOR ORDER TERMINATING AUTOMATIC STAY OR REQUIRING ADEQUATE PROTECTION

Amended; Hugo Bravo, Trustee of the Tan Investment Trust Established September 1, 1999; Blue Mountain Trust Dated October 16, 2000, Carter Deshler as Trustee; David E. Torres and Pamela Gail Torres, as Trustees of the Torres Revocable Trust, Dated 10/22/1991; Linda Lee Berthold Living Trust dated 2/20/98 and Mary l. Williamson, trustee of the Mary L. Williamson Family Trust Dated November 15, 1994 (collectively "Creditors"). Under it servicing agreement with Creditors, Liberty is authorized to hire bankruptcy counsel to represent Creditors in this bankruptcy. It is in the regular course and scope of business for Liberty to prepare and maintain books and records relating to the status of the servicing of Creditors' loan and deed of trust. These records were memorandized at or near the time that the events took place from a person with knowledge of the events.

3. I have personally reviewed the records of Liberty as they relate to Creditors' loan. The records reflect, among other things, the payments made, the payments missed, and all charges that have accrued and are accruing under the Creditors' loan. I am a duly authorized custodian of records of Liberty who is familiar with the subject loan and the ongoing bankruptcy herein, and I have authority to certify its records.

4. The subject real property securing the loan of Creditors is generally described as 1478 Sharon Manor Court, San Jose, California (the "Property"). It is a rental property of the Debtor in which the tenant is a junior deed of trust holder on the Property.

5. On or about October 12, 2005, Sze-Yau Derek Yiu ("Debtor") obtained a loan from Creditors' predecessor, executing and delivering to Creditors' predecessor a promissory note in the principal amount of $800,000.00. Said note provides for interest from the date of funding, on the unpaid balance at the rate of ten and three-quarters percent (10.75 %) per annum, payable in monthly interest only installments of $7,166.67 beginning November 24, 2005. Said note provides for payment of the entire principal and interest on or before October 24, 2020. Said note further provides for a late charge of ten percent ($716.67) on any installment received after ten (10) days from the payment due date. A

---

2

DECLARATION OF STEVE LOPES IN SUPPORT OF MOTION FOR ORDER TERMINATING AUTOMATIC STAY OR REQUIRING ADEQUATE PROTECTION

true and accurate copy of said note is attached hereto as Exhibit "A" and incorporated herein by reference.

6. Concurrent with the execution of the promissory note, and for the purpose of securing said obligation, Debtor executed and delivered to Creditors' predecessor, as beneficiaries under said promissory note, a deed of trust on the Property. The deed of trust provides that attorney's fees and costs incurred as a result of protecting the security of the lender may be included in the outstanding balance under the note. Said deed of trust was recorded October 24, 2005, in the Official Records of Santa Clara County, California. A true and accurate copy of said deed of trust is attached hereto as Exhibit "B" and incorporated herein by reference. The note and deed of trust were later assigned to Creditors.

7. Debtor originally defaulted on Creditors' obligation by the failure to make payments due February 24, 2008.

8. As a result of the default of Debtor, PLM Lender Services, Inc., as servicing agent or trustee under said deed of trust, recorded a Notice of Default and Election to Sell under Deed of Trust on May 27, 2008, in the Official Records of Santa Clara County, California. A Notice of Trustee's Sale was published, posted, recorded, and mailed, setting a trustee's sale for October 1, 2008. The Debtor and Liberty on behalf of Creditors, entered into a forbearance agreement requiring certain payments to be made by the Debtor and for the loan to be reinstated by November 20, 2008. The Debtor made two forbearance payments but then filed his bankruptcy on November, 19, 2008, prior to the scheduled sale and the sale has been postponed from time to time since that date.

9. Since the filing of the bankruptcy, no December post-petition payment has been made to Creditors due for November 24, 2008. Set forth below is the post-petition payments that are owed, the post-petition payments received, and how each post-petition payment was applied:

| Payment Owed | Date received | Date Posted | Month Applied |
|---|---|---|---|
| Nov. 24, 2008 | No Payment Received | | |

10. Actual delinquent amounts due to Creditors, as of December 19, 2008, are as follows:

**PRE-PETITION AMOUNTS**

| | |
|---|---|
| Payments due for 1/24/08-10/24/08 (9 @ $7,166.67) | $ 64,500.03 |
| Late Charges (8 @ $716.67 plus some accrued) | $ 22,256.77 |
| Foreclosure fees and costs due | $ 5,442.30 |
| Document preparation fee for 9/29/08 Forbearance agreement | $ 150.00 |
| NSF fees | $ 483.33 |
| Demand Fees | $ 90.00 |
| Credit for payment of foreclosure fees and costs under 9/29/08 forbearance agreement | $ (5,442.30) |
| Credit for payment of document prep. fee for 9/29/08 forbearance agreement | $ ( 150.00) |
| Credit for payment of late charges under 9/29/08 forbearance agreement | $ (2,049.37) |
| Credit for payment of NSF Fees per 9/29/08 forbearance agreement | $ (358.33) |
| Credit for payment of interest per 10/30/08 forbearance agreement | $ (7,166.67) |
| Pre-petition TOTAL | $ 77,755.76 |

///

///

///

---

4

DECLARATION OF STEVE LOPES IN SUPPORT OF MOTION FOR ORDER TERMINATING AUTOMATIC STAY OR REQUIRING ADEQUATE PROTECTION

**POST-PETITION AMOUNTS**

| | |
|---|---|
| Payments due for 11/24/2008 (1 @ $7,166.67) | $7,166.67 |
| Late Charges (1 @ $716.67) | $ 716.67 |
| Attorney Fees and Costs | $1,300.00 |
| Post petition TOTAL | $9,183.34 |
| **TOTAL** | **$86,939.10** |

The current principal balance of the loan is $800,000.00. An additional $7,166.67 becomes due and owing on the twenty fourth day of each month for December 2008 and each month thereafter, as well as a late charge of $716.67 ten days past the due date of each month where a payment is not received or is paid late.

11. The Property is further encumbered by a junior obligation and second deed of trust to Jim and Cindy Lee a current balance in excess of $750,000.00 according to the schedules filed by the Debtor. Those lenders are the tenants living on the Property.

12. Creditors allege that the value of the Property is approximately $1,200,000.00.

13. The total of all encumbrances on the Property exceed $1,620,000.00. When the probable costs of sale of the Property (e.g., closing costs, escrow and title charges, brokerage fees, property maintenance and repairs, real property taxes, etc.) are taken into consideration, there is no equity remaining in the Property for the benefit of the Debtor or for the benefit of the bankruptcy estate.

14. The Property is not necessary to the reorganization of the Debtor.

15. It has been necessary for Creditors to retain the services of the Law Office of Benjamin R. Levinson to represent Creditors in this matter. Pursuant to the terms of the promissory note and deed

///

///

of trust herein and 11 U.S.C. § 506, Creditors are entitled to attorney fees for services rendered in enforcing this obligation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on December 22, 2008, in San Jose, California.

                                                          */S/  STEVE LOPES*
                                                        STEVE LOPES, Declarant